[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-12129
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00253-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALTAVIOUS DEMON JACKSON,
a.k.a. Donta Carver,
a.k.a. Donta Mills,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 6, 2019)

Before ED CARNES, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Altavious Jackson pleaded guilty to being a felon in possession of

ammunition in violation of 18 U.S.C. § 922(g)(1).  As part of his plea deal the

government dropped one of the charges brought against him and promised to request a sentence at the low end of the guidelines range.  In exchange, Jackson waived his right to appeal his sentence except in three circumstances: the sentence exceeded the statutory maximum, the sentence was an upward departure or variance from the guidelines range, or he brought an ineffective assistance of counsel claim.

During his change of plea hearing, the district court placed him under oath and questioned him to ensure that his plea was given knowingly and voluntarily. Jackson testified to the following.  He was over 18 and was not being treated for mental illness or under the influence of drugs or alcohol.  He understood the charges against him.  He understood the plea agreement and had discussed it with his attorney.  He was not threatened or promised anything (other than what was in the plea agreement) to induce him to sign the agreement.  He was pleading guilty of his own free will.  And he understood that, as part of his plea agreement, he was giving up his right to appeal in all but the listed circumstances.

The Presentence Investigation Report recommended — based on Jackson's criminal history, offense, and acceptance of responsibility — a total offense level of 20 and a criminal history category of VI.  His guidelines range was 70 to 87 months' imprisonment. Jackson objected to the guidelines calculation, but the court overruled his objections.  The government requested a sentence at the low

end of the range.  Instead, the court sentenced Jackson to the top of the guidelines range, 87 months in prison.  He appeals.

On appeal, Jackson contends that the court erred in calculating his sentence and that his sentence is substantively unreasonable.  The government moves to dismiss his appeal based on the appeal waiver.  Jackson did not respond to the motion to dismiss.

An appeal waiver is enforceable if it is knowingly and voluntarily given by the defendant.  United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993).  We review de novo the validity of an appeal waiver.  Id.

Jackson's waiver was knowingly and voluntarily given.  He testified that he was competent to make the plea.  He testified that he understood the charges against him.  He testified that he knew he was giving up his right to appeal.  And he testified that he made the plea voluntarily.  On appeal he does not argue that any of the three exceptions to his waiver applies.  As a result, he has waived his right to appeal.

**DISMISSED.**